**JS-6**

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
ANN LUOTTO WOLF
Assistant United States Attorney
California State Bar No. 137163
United States Courthouse
411 West Fourth Street, Suite 8000
Santa Ana, California 92701
Telephone: (714) 338-3533
Facsimile: (714) 338-3708
Email: Ann.Wolf@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY IN GARDEN GROVE, CALIFORNIA,<br><br>Defendant.<br>______________________________<br><br>ZNC PLAZA, INC.; EVERTRUST BANK; AGSTAR FINANCIAL SERVICES; JONG OCK MAO; PLAZA SUNSET INVESTMENTS, LP; ZNC ENTERPRISES, LLC; JONG'S CONSULTING, INC.; WASHINGTON MUTUAL BANK; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and EDWARD LUTT,<br><br>Claimants.<br>______________________________<br><br>AND CONSOLIDATED ACTIONS.<br>______________________________ | NO. **SA CV 06-378-AHS (MLGx)**<br>[AND THE FOLLOWING CONSOLIDATED ACTIONS:<br>**SACV 06-384-AHS (MLGx)**<br>**SACV 06-387-AHS (MLGx)**<br>**SACV 06-388-AHS (MLGx)**<br>**SACV 06-392-AHS (MLGx)**<br>**CV 06-2216-AHS (MLGx)**<br>**CV 06-5081-AHS (MLGx)**<br><br>**CONSENT JUDGMENT**<br><br>[This document pertains to all actions **except** Real Property in Las Vegas, NV, CV 06-2210; Real Property in La Puente, CA, CV 06-2212; Real Property in Paramount, CA, CV 06-2217; and $46,050.41 Bank Account Funds, CV 07-167 -- it is **not** dispositive of the entire consolidated action] |

On April 11, 2006, plaintiff United States of America ("plaintiff" or the "government") commenced forfeiture actions against:

-- a parcel of real property located in Garden Grove, California, United States v. Real Property in Garden Grove, California, SACV 06-378-AHS (MLGx) (the "Garden Grove property action");

-- a parcel of real property located in Palestine, Texas, United States v. Real Property in Palestine, Texas, SACV 06-384-AHS (MLGx) (the "Palestine property action");

-- a parcel of real property located in Madisonville, Texas, United States v. Real Property in Madisonville, Texas, SACV 06-387-AHS (MLGx) (the "Madisonville property action");

-- a parcel of real property located in Marianna, Florida, United States v. Real Property in Marianna, Florida, SACV 06-388-AHS (MLGx) (the "Marianna property action");

-- a parcel of real property located in Beaumont, California, United States v. Real Property in Beaumont, California, EDCV 06-392-AHS (MLGx) (the "Beaumont property action"); and

-- a parcel of real property located in Baldwin Park, California, United States v. Real Property in Baldwin Park, California, CV 06-2216-AHS (MLGx) (the "Baldwin Park property action").

On February 8, 2007, the government filed a Second Amended Complaint for Forfeiture against the following seized assets:

-- $629,710.76 in bank account funds (the "defendant bank account funds");

-- $21,767.00 in U.S. currency (the "defendant currency");

-- one 2002 Renegade Motorhome (the "Motorhome");

-- one 2004 JCB Backhoe with enclosed cab, serial no. 903465,(the "Backhoe");

-- one mortgage or loan note in the amount of $300,000 (the "Note"); and

-- $341,262.00 in net proceeds from the sale of real property in South Gate, California (the "defendant proceeds").

Collectively, the defendant bank account funds, the defendant currency, the Motorhome, the Backhoe, the Note, and the defendant proceeds shall be referred to herein as the "seized assets."

In each of these consolidated actions, the government alleges that the defendant properties were purchased with proceeds of violations of the Travel Act, 18 U.S.C. § 1952(a), and/or were involved in money laundering transactions, rendering the assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

On May 30 and July 14, 2006, claimant ZNC Plaza Inc. ("claimant ZNC") filed, respectively, a statement of interest and an answer in the Garden Grove property action. On May 18 and 24, 2006, lien-holder claimant Evertrust Bank filed a statement of interest and an answer, respectively, in the Garden Grove property action. Pursuant to stipulated order, the Garden Grove property was sold, lien-holder claimant Evertrust Bank was paid in full, and, on July 16, 2007, the net proceeds in the sum of $2,800,485.72 were substituted as the defendant res in the Garden Grove property action.

On May 30 and July 14, 2006, claimant Jong's Consulting Inc. ("claimant Jong's") filed, respectively, a statement of interest and an answer in the Palestine property action. On June 30, 2008, claimant Jong's filed for bankruptcy. The bankruptcy trustee has filed a motion for an order authorizing the sale of the Palestine property, which motion is set for hearing September 10, 2008.

On May 30 and July 14, 2006, claimant Jong Ock Mao ("claimant Mao") filed, respectively, a statement of interest and an answer in the Madisonville property action. On May 17, 2006, lien-holder claimant AgStar Financial Services, as agent for First Source Capital Mortgage, filed a statement of interest and an answer in the Madisonville property action. Pursuant to stipulated order, the Madisonville property was sold, lien-holder claimant AgStar Financial Services, as agent for First Source Capital Mortgage, was paid in full, and, on August 7, 2008, the net proceeds in the sum of $216,597.16 were substituted as the defendant res in the Madisonville property action.

On May 31 and July 14, 2006, claimant Plaza Sunset Investments LP ("claimant Plaza") filed, respectively, a statement of interest and an answer in the Marianna property action. In or about November 2006, the Marianna property was sold at a foreclosure sale to lien-holder Peoples South Bank.

On May 30 and July 19, 2006, claimant Jong Ock Mao ("claimant Mao") filed, respectively, a statement of interest and an answer in the Beaumont property action.

On May 30 and July 14, 2006, claimant ZNC Enterprises LLC ("claimant ZNC") filed, respectively, a statement of interest and

an answer in the Baldwin Park property action. Pursuant to stipulated order, the Baldwin Park property was sold, and, on August 25, 2006, the net proceeds in the sum of $98,592.61 were substituted as the defendant res in the Baldwin Park property action.

On October 4, 2006, claimants Jong Ock Mao, Jong's Consulting Inc., Mao Family Limited Partnership, MX Oasis Inc., County Wide Investment LLC, Plaza Sunset Investment LP, ZMX R Inc., ZNC Compassion Foundation, ZNC Enterprise LLC, ZNC Plaza Inc., and ZNC Plaza Management Inc. (collectively, "claimant Mao") filed statements of interest in the seized assets action.

No other claims, statements of interest, or answers have been filed in the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action, and the time for filing claims, statements, and answers has expired.

The government and claimants have agreed to settle the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the mutual consent of plaintiff and claimants,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the Garden Grove property action, the Palestine property action, the Madisonville

property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaints for Forfeiture state claims for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3. Notice of the actions has been given as required by law. Claimants identified herein filed the only claims, statements of interest, and/or answers in the Garden Grove property action, the Palestine property action, the Madisonville property action, the Marianna property action, the Beaumont property action, the Baldwin Park property action, and the seized assets action. The Court deems that all other potential claimants admit the allegations of the Complaints for Forfeiture to be true.

4. Claimants agree to forfeiture as set out below. A judgment of forfeiture is hereby entered in favor of the United States, which shall dispose of the following defendant properties in accordance with the law:

(A) $2,800,485.72 in net proceeds from the sale of the Garden Grove property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(B) The net proceeds, if any, from the trustee sale of the Palestine property are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(C) $216,597.16 in net proceeds from the sale of the

    Madisonville property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(D) $98,592.61 in net proceeds from the sale of the Baldwin Park property plus all accrued interest on the entirety of the net proceeds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(E) The defendant bank account funds plus all accrued interest on the entirety of the defendant bank account funds are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(F) The defendant currency plus all accrued interest is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(G) The Backhoe is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(H) The Note is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

(I) The defendant proceeds plus all accrued interest are hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

5. The Internal Revenue Service ("IRS") shall transfer $249,642.60 of the forfeited funds to the Department of Homeland Security - U.S. Customs and Border Protection ("CBP") to

reimburse CBP for the monies withdrawn from the defendant bank account funds to pay the lien of Lariat Construction Services, Inc.

6. The action against the Marianna property is hereby dismissed.

7. The Motorhome, which was previously returned to claimant Mao, shall be retained by claimant Mao.

8. The action is hereby dismissed against the Beaumont property. The government will record a withdrawal of lis pendens within 30 days of the entry of judgment.

9. Claimants will execute further documents, to the extent necessary, to convey clear title to the defendant properties and to further implement the terms of this Consent Judgment.

10. Claimants hereby release the United States of America, its agencies, officers, and employees, including employees of the Department of Homeland Security, Immigration and Customs Enforcement, IRS -- Criminal Investigation Division, and CBP, and local law enforcement agencies, their agents, officers, and employees, from any and all claims, actions, or liabilities arising out of or related to these actions, including, without limitation, any claim for attorneys' fees, costs, or interest on behalf of claimants, whether pursuant to 28 U.S.C. § 2465 or otherwise.

11. The Court finds that there was reasonable cause for the institution of these proceedings against the Garden Grove property, the Palestine property, the Madisonville property, the Marianna property, the Beaumont property, the Baldwin Park property, and the seized assets. This judgment shall be

construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

12. The Court further finds that claimants did not substantially prevail in the actions, and all parties shall bear their own attorneys' fees and other costs of litigation.

DATED: October 22, 2008

ALICEMARIE H. STOTLER

THE HONORABLE ALICEMARIE H. STOTLER
CHIEF UNITED STATES DISTRICT JUDGE

CONSENT

The government and claimants consent to judgment and waive any right of appeal.

DATED: October 9, 2008

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/

ANN LUOTTO WOLF
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: September 8, 2008

/s/

JONG OCK MAO, Claimant

DATED: September ___, 2008

/s/

PAUL L. GABBERT

Attorney for Claimants
ZNC Plaza Inc., Jong Ock Mao, Mao Family Limited Partnership, MX Oasis Inc., County Wide Investment LLC, Plaza Sunset Investment LP, ZMX R Inc., ZNC Compassion Foundation, ZNC Enterprises LLC, ZNC Plaza Management Inc., and Jong's Consulting Inc.

DATED: September 4, 2008 SHEPPARD MULLIN RICHTER & HAMPTON

/ s /

RICHARD W. BRUNETTE, JR.
THERESA LOUISE WARDLE

Attorneys for Claimant
AgStar Financial Services

DATED: October 10, 2008 LAW OFFICES OF DAVID BOW WOO

/ s /

DAVID BOW WOO

Attorneys for Claimant
Evertrust Bank